## OHIO POSTAL TELEGRAPH-CABLE CO v SMITH et

Ohio Appeals, 6th Dist, Huron Co

No 310. Decided Oct 30, 1933

Day & Day, Cleveland, and L. G. Worstell, Jr., Athens, for plaintiff in error.

Rowley & Carpenter, Norwalk, for defendants in error.

## OPINION

By RICHARDS, J.

In 1905 the owner of the lots involved in this litigation was Melvin Howard and in that year he granted to the company the right to erect and maintain a pole line, as evidenced by the following instrument in writing:

"Received of Postal Telegraph-Cable Company One Dollars ($1.00), in consideration of which I hereby grant unto said company, its successors and assigns the right to erect and maintain its poles and lines over and along my property, including the necessary poles. fixtures, guys and braces. and in full satisfaction for the trimming of any trees along said lines necessary to keep the wires cleared at least eighteen inches."

The line of poles with fixtures thereon was erected pursuant to that agreement and maintained thereafter; and of course, the Smiths, at the time they purchased the property, were aware of the existence of the pole line with the fixtures thereon. The grant made by the former landowner Howard was not recorded and the Smiths, in purchasing the property, had no actual knowledge of its terms. They made no complaint against the pole line as then located, but insist that its removal seven feet northward, when the highway was widened, has resulted in substantial damages to their property. They were bound to know, of course, that the State Highway Department had power to widen the highway, if occa-

sion therefor should arise, and they also knew that the location of the pole line in the highway was subject to be changed on the order of the public authorities having control of the highway, if changed conditions made such re-location reasonably proper. This principle was clearly announced by the Circuit Court of the United States in a case arising in this state in which The Ohio Postal Telegraph-Cable Company was a party. See Ganz et County Commissioners v Ohio Postal Telegraph-Cable Co., 140 Fed., 692. The right of the public authorities, however, to require a re-location of the pole line, placing the same nearer to the trees, shrubbery and buildings of the landowner, does not deprive the landowner of the right to recover such actual and peculiar damages and compensation as he may suffer by reason of the changed location. The reason why such landowner is entitled to be compensated seems apparent, for if he be held not entitled to compensation when the line is moved seven feet nearer to the improvements on his property, then he would not be entitled to compensation if the line had been moved 20 feet or 30 feet and located immediately next to the buildings, resulting possibly in the destruction of the trees and shrubbery. This court is of the opinion that the owners of the lots were entitled to payment for compensation and damages directly resulting from the changed location.

The testimony relating to the amount of damages is in sharp conflict. The amount awarded seems large, but it met the approval of the Probate Court and the Court of Common Pleas and we can not say that it is manifestly against the weight of the evidence.

The judgment is affirmed for the reasons given.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.

## ON APPLICATION FOR REHEARING

Decided Nov 20, 1933

By RICHARDS, J.

Counsel for plaintiff in error contend in the application for rehearing that the opinion is not sufficiently definite as to whether the defendants in error are entitled to any compensation merely because the company's telegraph poles were relocated under the state of facts shown by the record. The new location of the poles places them close to the front of the Smith residence and immediately adjoining ornamental trees and shrubbery in the front yard. The jury may well have found, and presumably did find, under the evidence, that the amount of $25.00 awarded for compensation was proper.

Answering specifically the questions in the brief of plaintiff in error, the court is of the opinion that the jury was justified in awarding compensation by reason of relocating the poles on valuable land immediately adjoining the improvements and that the owner is entitled to more than a nominal amount by way of compensation and damages. Even if the land were still owned by the original proprietor, Melvin Howard, who executed the contract to the company, and the poles were relocated as now located, he would be entitled to compensation for the right to locate the poles immediately adjoining these valuable improvements.

In this connection, we call attention to the fact that counsel for the telegraph company requested the court to charge the jury that the measure of damages to be applied is the value of the land underneath the trunk of the poles.

Application for rehearing denied.

WILLIAMS and LLOYD, JJ, concur.